UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN HOLDEN and NICOLE
HOLDEN,

    Plaintiffs,

v

SHELLY JENSEN *et al.,*

    Defendants.
_____/

Case No. 1:10-cv-697

HON. JANET T. NEFF

## **ORDER**

Pending before the Court is plaintiffs' July 26, 2010 Emergency Motion to Expedite Discovery (Dkt 2). Defendants have not yet filed any appearances in this recently initiated case.

On July 21, 2010, plaintiffs initiated this nine-count case on behalf of their minor son, whom plaintiffs allege was "systematically" and "mechanically" restrained while he was a special education student in the Mona Shores School District (Compl. ¶¶ 2, 8, 10). Plaintiffs allege violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 (Counts I & II); violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Persons with Disabilities Civil Rights Act (Counts III-V); battery (Count VI); assault (Count VII); false imprisonment (Count VIII); and Intentional Infliction of Emotional Distress (Count IX). Plaintiffs named Shelly Jensen, Penelope Miller-Smith, Terry Babbitt, Mona Shores School District, and "Jane Does 1-5" as defendants.

In their effort to ascertain the identities of the Jane Does before the expiration of the limitations period, which plaintiffs surmise is some time in October 2010, plaintiffs filed the motion at bar. Plaintiffs seek an order from this Court requiring defendants to respond within 30 days to certain requests for production and certain interrogatories. Plaintiffs represent that the responses they receive from the individual defendants will provide them with "information necessary to determine which, if any, missing defendants they must sue."

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, *by stipulation,* or by court order." FED. R. CIV. P. 26(d) (emphasis added).

Plaintiffs have not pursued the option of obtaining a stipulation from defendants. For example, the parties could stipulate to commence some formal discovery before the conference or stipulate to accelerate the holding of the conference. Although plaintiffs acknowledge the corollary requirement of this Court's local rule to confer with their opposing parties, they have not yet complied with the requirement, instead indicating by way of purported explanation that they have only recently served defendants with their complaint and this motion. However, Rule 26(d) specifically operates to protect defendants from unwarily incriminating themselves *before* they have a chance to review the facts of the case and to retain counsel. *Notaro v. Koch,* 95 F.R.D. 403, 405 (D.C. N.Y., 1982).

This Court's local rule directs that "in the case of all discovery motions, counsel or pro se parties involved in the discovery dispute shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute. All motions shall affirmatively state the efforts of the

moving party to comply with the obligation created by this rule." W.D. Mich. LCivR 7.1(d). No such efforts have yet been made in this case. Therefore, the Court denies plaintiffs' motion without prejudice to renewing the request at such time as they can better establish good cause to justify a court order for immediate discovery. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion to Expedite Discovery (Dkt 2) is DENIED WITHOUT PREJUDICE.


Date: July 27, 2010                                /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge